<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1612**

———————

FLORENCE NGUH NJWENG,

Petitioner,

versus

ALBERTO R. GONZALES,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.  (A29-695-737)

———————

Submitted:  January 17, 2007          Decided:  February 6, 2007

———————

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Robert L. Oswald, BEACH-OSWALD IMMIGRATION LAW ASSOC., P.C., Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Florence Nguh Njweng, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing her appeal from the immigration judge's decision finding her inadmissible under the Immigration and Nationality Act § 212(a)(6)(C)(ii) for having falsely represented herself as a United States citizen for the purpose of receiving a benefit under law, and INA § 212(a)(7)(A)(i)(I), for not being in possession of a valid, unexpired visa, reentry permit, border crossing identification card or other valid entry document. Njweng contends she should have been given the opportunity to apply for adjustment of status. She further contends the evidence was insufficient and she was denied due process insofar as the Board found she was inadmissible for having falsely claimed to be a United States citizen. We deny the petition for review.

Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. A decision that an alien is not admissible is conclusive unless manifestly contrary to law. 8 U.S.C. § 1252(b)(4)(2000).

The Board found Njweng was inadmissible for two independent reasons. Whether or not Njweng should have been permitted under amended regulations to apply for adjustment of status is irrelevant so long as she was inadmissible for having falsely claimed to be a United States citizen.

With respect to her due process challenge, we find she was provided with all the process she was due and, in any event, she failed to establish prejudice. <u>Rusu v. INS</u>, 296 F.3d 316, 320-22 (4th Cir. 2002). We further find the record does not compel a different result and the Board's decision is not manifestly contrary to the law.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>